**CORRECTED**

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No.19-1958V
(not to be published)

| | |
|---|---|
| ANGELA QUINN CROSS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: June 2, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rate |

*John Leonard Shipley*, Davis, CA, for Petitioner.

*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

      On December 26, 2019, Angela Cross filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged a Table injury - that she suffered a shoulder injury related to vaccine administration after receiving an influenza vaccine on September 12, 2018. Petition at 1. On January 27, 2023, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 36.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated March 25, 2023 (ECF No. 41), requesting a total award of $44,986.07 (representing $44,204.70 in fees and $781.37 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 41-3. Respondent reacted to the motion on March 22, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No.42. Petitioner did not file a reply thereafter.

For the reasons set forth below, a reduction of fees to be awarded is appropriate.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests the following rates of compensation for the work of her attorney John Shipley: $375 per hour for 2021; $400 per hour for 2022; and $450 per hour for 2023. ECF No. 41 – 1 at 1. The rates requested for 2020 and 2021 are consistent with what Mr. Shipley has been awarded for his work in the Vaccine Program in prior cases, and I shall therefore apply them herein.

However, although the proposed rate for Mr. Shipley's 2022-23 work falls within the experience range provided in OSM's recently updated rate chart for similarly-situated attorneys, I find the specifically-requested increase to be excessive.[3] Rather, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys,[4] a rate of **$425 per hour** is more appropriate for this timeframe. This reduces the amount to be awarded herein by **$220.00**.[5]

I also note that (as the billing records submitted indicate), this case required additional briefing regarding the issue of entitlement. *See* Petitioner's Status Report, filed July 12, 2021 (ECF No. 25) (regarding impasse in the parties' settlement discussions); Petitioner's Motion for Ruling, filed Aug. 8, 2021 (ECF No. 27) Petitioner's Reply Brief, filed Sept. 14, 2021 (ECF No. 30). Mr. Shipley expended approximately 17.9 hours drafting Petitioner's motion and 13.6 hours drafting Petitioner's reply brief. ECF No. 41-1 at 11-12. Although slightly greater than time often billed by other attorneys in the Program, given the comprehensive nature of the motion and briefing, I find this amount of time to be reasonable. All other time billed to the matter shall also be awarded.

## ATTORNEY COSTS

Petitioner requests $781.37 in overall costs. ECF No. 41 - 2 at 1. This amount is comprised of obtaining medical records, shipping and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

---

[3] The Attorneys' Fee Schedule for 2023 is available at http://www.uscfc.uscourts.gov/node/2914.

[4] *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] This amount consists of $450 - $425 = $25 x 8.80 hrs = $220.00.

3

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$44,766.07** (representing $43,984.70 in fees and $781.37 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, John L. Shipley. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

                                                          **s/Brian H. Corcoran**
                                                          Brian H. Corcoran
                                                          Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.